UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD RENE HARRIS,

          Petitioner,

                                    Civil No. 06-14074
v.                                       Honorable David M. Lawson

MILLICENT WARREN, Warden

          Respondent.
_____/

## ORDER GRANTING THE PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on petitioner-appellant's notice of appeal and application to proceed *in forma pauperis* on appeal from the Court's entry of judgment denying the petitioner-appellant's petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The docket indicates that the petitioner paid the $5 filing fee when he filed his petition in this Court. *See* 28 U.S.C. § 1914. Therefore, the petitioner is not automatically authorized to appeal *in forma pauperis* under Federal Rule of Appellate Procedure 24(a)(3) and must show that he qualifies for such status. Because the "good faith" requirement of 28 U.S.C. § 1915(a)(3) does not apply to habeas petitions, *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997), this Court may authorize the prosecution of any appeal without the prepayment of fees by a prisoner who shows that he is unable to pay such fees. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1). The Court finds the petitioner qualifies for *in forma pauperis* status. The petitioner's request will therefore be granted.

The petitioner also requests a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which

issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

Upon review, the Court holds that the petitioner is not entitled to a certificate of appealability on any of his four habeas claims. The petitioner first contended that he was entitled to habeas relief because the prosecution presented insufficient evidence to support the second-degree murder conviction. The petitioner's second claim alleged that the petitioner's trial court counsel was ineffective for failing to move for a directed verdict on the first-degree murder charge. As his third claim for habeas relief, the petitioner asserted that the trial court failed to consider the petitioner's request for substitution of counsel adequately. As his final claim, the petitioner insisted that his trial counsel was ineffective and that he is entitled to an evidentiary hearing for proper review of undeveloped claims. The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of the petitioner's claims. Therefore, the Court will deny the petitioner a certificate of appealability.

Accordingly, it is **ORDERED** that the petitioner-appellant's application to proceed *in forma pauperis* on appeal [dkt # 25] is **GRANTED**.

It is further **ORDERED** that the petitioner-appellant's motion for certificate of appealability

[dkt # 24] is **DENIED**.

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated:   May 21, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2009.

                                    s/Susan K. Pinkowski  
                                    SUSAN K. PINKOWSKI